# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD EARL BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-135-WDS |
| | ) |
| DONALD G. HARRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff Donald Earl Bell filed this action as a wrongful death suit, and that is about the only information that is clear from the pleadings. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In his three-page complaint, Plaintiff complains vaguely about certain of the defendants not

attending a funeral, but that somehow these individuals were the recipients of some portion of the decedent's estate. Plaintiff mentions that "moma pass away in 1989," that she died in St. Louis, Missouri, but the funeral was held in East St. Louis, Illinois. He apparently takes issue with the location of the funeral, but nothing else is said.

The Court is not sure what relief Plaintiff is seeking from this Court. However, the Court is certain that no federal jurisdiction exists over this matter. Rather, Plaintiff's remedy must be sought in the appropriate state court that probated the estate in question. In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice.

Plaintiff is **ADVISED** that the dismissal of this action *should* be counted as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g), but at this time the Court will *not* assess the strike. Instead, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith; thus, the Court will not grant Plaintiff leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3). Should Plaintiff choose to appeal despite this ruling, Plaintiff shall be required to pay the full $455 appellate fee in advance, and the Court will then have no choice but to assess the strike for this dismissal.

**IT IS SO ORDERED.**

**DATED: May 12, 2008.**

                                          **s/ WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**